UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SUZANNE NEY, | ) 2:08-193-GW |
| Petitioner, | ) ORDER GRANTING IN FORMA PAUPERIS STATUS ON APPEAL; ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) |
| DOYLE BLANEY, | ) |
| Respondent. | ) |

Under Title 28, Section 2253, the right to appeal a final order in a habeas proceeding requires that petitioner obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). Both circuit judges and district judges have the authority to issue Certificates of Appealability. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

With respect to a Certificate of Appealability, the district court "shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state

1

its reasons why a certificate should not be granted." Id.

## I.   IN FORMA PAUPERIS STATUS IS GRANTED

An appeal may be taken in forma pauperis unless this Court certifies that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith test is a liberal one and is satisfied if any issue appealed is not frivolous. Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977). An appeal "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In practical terms, the request of an indigent petitioner for leave to appeal in forma pauperis must be allowed unless the issues raised are so frivolous that such an appeal would be dismissed if appellant were a nonindigent litigant. Gardner v. Pogue, supra. By this liberal standard, it cannot be said that petitioner's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). However, nothing in this determination is to be construed as eliminating the requirements of 28 U.S.C. § 1915(b)(1).

## II.   A CERTIFICATE OF APPEALABILITY IS DENIED

A Certificate of Appealability is to be granted only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), citing Barefoot, supra, 463 U.S. at 893 n. 4. See also Miller-El v. Cockrell, 537 U.S. 322,

336, 123 S.Ct. 1029, 154 L.Ed. 2d 931 (2003); <u>Nevius v. McDaniel</u>, 218 F.3d 940, 946 (9th Cir. 2000); <u>Alexander v. Johnson</u>, 211 F.3d 895, 896-97 (5th Cir. 2000).

Following a dismissal on procedural grounds a petitioner must satisfy a two prong test in order to meet the requirements to obtain a certificate of appealability under 28 U.S.C. § 2253(c). <u>Slack v. McDaniel</u>, <u>supra</u>, 529 U.S. at 484. First, petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. <u>Id.</u> Second, the petitioner must show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Id.</u> "Section 2253 mandates that both showings be made. . .and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Id.</u>

As set forth in the Memorandum Decision, petitioner has not made a substantial showing that he has been denied a constitutional right.

## ORDER

Therefore, pursuant to 28 U.S.C. § 1915(a)(3), the Court GRANTS petitioner's Motion to Proceed on Appeal In Forma Pauperis and, pursuant to 28 U.S.C. § 2253, the Court declines to issue a Certificate of Appealability.

DATED: September 27, 2011

*[signature]*

GEORGE H. WU
UNITED STATES DISTRICT JUDGE